### LOUISIANA STATE INSURANCE COMPANY
### vs.
### LOUISIANA STATE BANK.

A bank is not relieved from the obligation of due diligence, in the case of a note received to be collected, by the removal of the maker's domicil out of the city.

APPEAL from the court of the first district.

\* MATHEWS, J. delivered the opinion of the court. This is an action commenced by the Insurance Company against the Bank, in which damages are claimed from the latter as a remuneration for a loss occasioned to the former, by negligence and misfeasance of the officers of the bank, in the collection of certain notes which were placed in their hands by the insurance company, and which they undertook to collect. Judgment was rendered for the plaintiffs in the court below, from which the defendants appealed.

This case is similar in principle to that of *Montillet* vs. *U. S. Bank*, and *Crawford* vs. *State bank*, *vol.* 1, 214, 368, 708.

———————————————————

\* Judge Porter took no part in this opinion, being a stockholder of the bank.

The correctness of those decisions was ad- East'n. District. *May* 1825.
mitted in argument by the counsel for the ap-
pellants, who contends that there is one fact in LOUISIANA ST. INSUR. CO.
the present case, which distinguishes it from *vs.* LOUISIANA ST. BANK.
those cited, and ought by its operation to re-
lease his clients from all responsibility, which
might otherwise have arisen from negligence
and mismanagement in the undertaking. This
is the change of domicil of the maker of the
notes fromN. Orleans before they became due.
This suit is a sequel of that brought by the
same *plaintiffs* vs. *Shamburg*, decided as shewn
by the report in *vol.* 2, 511. In that case they
failed to recover from Shamburg, the endorser
of the notes in question, on account of the ne-
gligence of the agents of the bank in not ma-
king a demand of payment from the maker, in
the manner required by law. It is contended
in favor of the bank, that its officers are justi-
fiable towards the plaintiffs in not having made
this demand, in consequence of the removal of
the maker of the notes from the city before
they fell due. In support of this justification,
it is alleged that the bank never undertakes to
collect money on notes or bills, when the col-
lection requires operations out of the city of
New-Orleans, and that the implied contract

East'n. District.
*May* 1825.

LOUISIANA ST.
INSUR. Co.
*vs.*
LOUISIANA ST.
BANK.

and consequent obligation to collect ceased, on the removal of the maker of the notes, especially as this fact was known to the owners. In answer to these arguments, it is said by the counsel for the appellees, that the bank could have released themselves from this obligation, to collect, under the implied contract, only by returning the notes to the owners, after the fact of the maker's removal became known to them. Further, that they were led into error by the protest made by the notary who acted for the bank, because that instrument declared that a legal demand was made, and notice had been regularly given.

That the officers of the bank knew of the change of domicil by the maker of the notes before they became due, the evidence of the case abundantly shews. The knowledge of this fact is not so clearly brought home to the appellees; and even if it were, it ought not to change the situation of the parties, so as to release the defendants from their obligation to take all legal steps to collect the notes which they had undertaken. Their duties as agents, could have ceased in no other way, than by a return of the notes to the owners, or an explicit declaration that they would no longer act for them.

East'n District
*May* 1825.

LOUISIANA ST.
INSUR. Co.
*vs.*
LOUISIANA ST.
BANK.

The erroneous conduct of the notary, in making a mistaken or false protest, certainly had a tendency to injure the plaintiffs: by it, it seemed that every thing had been regularly and legally done, which was necessary to charge the endorsers. They were thus lulled into security, and of course took no means to do that which they supposed had already been well done by their agents. Admitting this to be true; it is contended by the defendants that they ought not to be made responsible for the misconduct of the notary: being a public officer, he ought to answer directly for his conduct, that a protest could only be made by a notary; and when the bank placed the notes into his hands, its officers had fully and faithfully executed their trust.

In the case of a foreign bill of exchange, the dishonor of which can only be evidenced by protest, this argument would be entitled to great weight. But inland bills and promissory notes do not necessarily require protests by notaries: a demand of payment, refusal and notice to drawers and endorsers may be proven by any competent witness. In the present case we deem it proper to consider the notary as the agent of the bank, because they did by

East'n. District. him, that which they might have done them-
May 1825. selves.

LOUISIANA ST.
INSUR. Co.        The appellees claim interest on the amount
vs.          of the notes from the date of the demand of
LOUISIANA ST.
BANK.          payment and protest, now no demand was
made. The present action sounds solely in
damages for negligence and misfeasance in the
officers of the bank; it is perhaps true that a
fair criterion to ascertain the amount of dama-
ges, is the loss of the plaintiffs, occasioned by
the misconduct of the defendants which is alle-
ged, to be the sums, specified in the notes
with legal interest from the day, on which they
ought, regularly, to have been protested. If it
had been so adjudged in the court below, we
would perhaps not have disturbed the judg-
ment. The contest may, as the cause now
stands on an appeal, and being a suit for dama-
ges, be considered as among those little things
which the law does not regard; *de minimis non
cural lex*.

However fair and legal the judgment may be
it is a hard case on the defendants.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

Duncan for the plaintiffs, Grymes for the defendants.